# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ROGER MATHEWS,

    *Plaintiff,*

vs.

Case No. 17-1175-EFM

BUTLER COMMUNITY COLLEGE,

    *Defendant.*

## MEMORANDUM AND ORDER

Plaintiff Roger Mathews brought suit against Defendant Butler Community College for age discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA") and the Kansas Age Discrimination in Employment Act ("KADEA"). After a four-day jury trial, the jury found Defendant liable to Plaintiff for constructive discharge and retaliation. The jury awarded Plaintiff $298,000 for back pay and benefits and $2,000 for pain and suffering.

Plaintiff is now before the Court requesting $298,000 in liquidated damages, $195,615 in front pay, and $254,046 in attorney fees (Docs. 103, 106). Defendant does not oppose Plaintiff's liquidated damages or attorney fees request. However, Defendant contends that Plaintiff should not be granted front pay. For the reasons explained in more detail below, the Court grants in part and denies in part Plaintiff's Motion for Liquidated Damages and Front Pay (Doc. 103) and grants Plaintiff's Motion for Attorney Fees (Doc. 106).

## I. Factual and Procedural Background

Plaintiff worked for Defendant from 1980 through 2015. In 2015, Plaintiff was 64 years old, and issues surrounding his employment began.[1] In mid-June 2015, Plaintiff began consulting with the Martin Pringle law firm in Wichita, Kansas regarding these issues.

Plaintiff filed suit against Defendant alleging age discrimination and retaliation in July 2017. Significant written discovery occurred throughout the case. Six depositions were conducted. Defendant filed a Motion for Summary Judgment, which Plaintiff opposed, that was denied. Two attempts to resolve the lawsuit through mediation also occurred.

Trial ultimately commenced on January 6, 2020, and it concluded on January 10. The jury found in Plaintiff's favor on his age discrimination claim, based on constructive discharge, and his retaliation claim based on a complaint of age discrimination. They awarded $298,000 in back pay. The jury also awarded the statutory maximum of $2,000 on Plaintiff's pain and suffering damages under the KADEA. In addition, the jury found that Defendant's conduct was willful.

Post-trial, Plaintiff filed a Motion for Liquidated Damages and Front Pay. In addition, Plaintiff filed a Motion for Attorney Fees. Defendant only opposes the award of front pay. It argues that an award of front pay would be inappropriate because Plaintiff waived his argument for front pay by failing to request it in the Pretrial Order, by failing to present evidence of entitlement to it during trial, and because Plaintiff has already been made whole.

---

[1] Further detail on the factual background of this case is set forth in this Court's prior summary judgment order. *See* Doc. 62. To the extent it is relevant to the award of liquidated damages, front pay, and attorney fees, the Court incorporates it by reference here.

## II. Analysis

Plaintiff seeks liquidated damages, front pay, and attorney fees. The Court will discuss each in turn.

### A. Liquidated Damages

Plaintiff seeks $298,000 in liquidated damages. Under the ADEA, an award of liquidated damages is required if a defendant's conduct is found to be willful.[2] A "liquidated damages award should be equal to the award for back pay . . . ."[3]

Here, the jury found that Defendant's conduct was willful. It also awarded $298,000 in back pay. Thus, Plaintiff is entitled to an equal amount in liquidated damages of $298,000.

### B. Front Pay

Plaintiff also seeks $195,615 in front pay damages. This calculation is based on the payment of Plaintiff's salary of $197,685 ($65,955 per year for the next three years) minus the amount of pay he receives from his current part-time job of approximately $2,250 ($750 per year for three years).[4] Defendant contends that Plaintiff is not entitled to any front pay, but if he is awarded any, it should be capped at $92,000.

" 'Front pay is simply money awarded for lost compensation during the period between judgment and reinstatement or in lieu of reinstatement' to make the plaintiff whole."[5] "Although

---

[2] *See* 29 U.S.C. § 626(b); *see also Greene v. Safeway Stores, Inc.*, 210 F.3d 1237, 1246 (10th Cir. 2000) (citations omitted).

[3] *Blim v. W. Elec. Co., Inc.*, 731 F.2d 1473, 1480 (10th Cir. 1984) (superseded by statute on other grounds).

[4] Testimony at trial demonstrated that Plaintiff began teaching part-time after his employment ended with Defendant but only earned approximately $2,000 to $3,000 over the past four years.

[5] *McInnis v. Fairfield Communities, Inc.*, 458 F.3d 1129, 1145 (10th Cir. 2006) (quoting *Abuan v. Level 3 Commc'n, Inc.*, 353 F.3d 1158, 1176 (10th Cir. 2003).

front pay may be appropriate when reinstatement is not possible, it is not a mandatory remedy."[6] It is within the Court's discretion as to the amount, if any, to be awarded.[7]

The following facts are relevant in assessing such an award:

work life expectancy, salary and benefits at the time of termination, any potential increase in salary through regular promotions and cost of living adjustment, the reasonable availability of other work opportunities, the period within which the plaintiff may become re-employed with reasonable efforts, and methods to discount any award to net present value.

In formulating a front-pay award the district court may consider all evidence presented at trial concerning the individualized circumstances of both the employee and employer, but it must avoid granting the plaintiff a windfall.[8]

A plaintiff is not required to present evidence of front pay through expert testimony.[9] The evidence, however, must be sufficient to support an award.[10]

In this case, both parties agree that reinstatement is not a feasible option. Defendant, however, contends that Plaintiff is not entitled to front pay for three reasons. It states that (1) Plaintiff waived his argument for front pay by failing to request it in the Pretrial Order; (2) Plaintiff has already been made whole; and (3) Plaintiff failed to present evidence of entitlement to it during trial.

As to Defendant's contention that Plaintiff waived his argument for a front pay award, the Court disagrees. Defendant states that front pay is the alternative to reinstatement, and Plaintiff

---

[6] *McInerney v. United Air Lines, Inc.*, 463 F. App'x 709, 725 (10th Cir. 2011) (citation omitted).

[7] *Id.*

[8] *McInnis*, 458 F.3d at 1146 (citation omitted).

[9] *Womack v. Delaware Highlands AL Services Provider, LLC*, 2012 WL 13029498, at *7 (D. Kan. 2012) (citations omitted).

[10] *Id.*

never requested reinstatement in the Pretrial Order. However, Plaintiff's damages calculation in the Pretrial Order stated that he sought "lost salary (to anticipated age of retirement)." This statement encompasses future damages or the possibility of front pay. Furthermore, in the Pretrial Order, Defendant's assertion of the defense that Plaintiff was not entitled to recovery of front pay demonstrates Defendant's notice of the possibility of front pay. Finally, Defendant's Motion in Limine addressed front pay and asserted that Plaintiff should not be able to request liquidated damages for future wages or future fringe benefits.[11]

Defendant also asserts that Plaintiff is not entitled to front pay because Plaintiff has already been made whole. During trial, Plaintiff requested approximately $265,000 in back pay and an unspecified amount in fringe benefits. The jury awarded $298,000 for wage and benefit damages. Thus, Defendant asserts that Plaintiff received an award that made him whole. In addition, Defendant contends that if you add the $298,000 that Plaintiff will receive in liquidated damages, Plaintiff will receive more than two times as much as he requested at trial. Accordingly, Defendant contends that Plaintiff should not receive front pay.

Plaintiff, however, could not request liquidated damages at trial because it was not an issue for the jury. Thus, Plaintiff could not ask for a specific dollar amount in trial but instead could only seek the jury's finding of whether Defendant's actions were willful. In addition, reinstatement and front pay are not issues for the jury. Instead, it is an equitable issue to be decided by the Court.[12] Finally, the ADEA allows for recovery of back pay, front pay, and liquidated

---

[11] Defendant has an additional contention that Plaintiff's damages should be capped due to an amount requested in the Pretrial Order. The Court will address this argument when discussing the sufficiency and amount of Plaintiff's damages set forth at trial.

[12] *See McInnis*, 458 F.3d at 1145-46 (citation omitted).

damages.¹³ Thus, the Court will not take the limited view that Plaintiff has already been made whole due to Plaintiff's evidence at trial of damages for back pay or that Plaintiff is also receiving liquidated damages.

Finally, Defendant argues that Plaintiff did not present sufficient evidence at trial of his future wage loss. It contends that Plaintiff had discussed retirement far before he took it and that the evidence showed that Plaintiff may have retired at any time. The problem with this argument is that Plaintiff did not retire. The jury made the finding that Plaintiff was constructively discharged and retaliated against for filing an age discrimination complaint. Thus, Plaintiff's end of employment with Defendant cannot be categorized as voluntary or the date at which he would have retired. Furthermore, Plaintiff's inquiry regarding retirement benefits prior to his termination does not demonstrate the date or timeframe in which Plaintiff intended to retire.

"[A]n award of future damages in lieu of reinstatement furthers the remedial purposes of the ADEA by assuring that the aggrieved party is returned as nearly as possible to the economic situation he would have enjoyed but for the defendant's illegal conduct."¹⁴ Plaintiff specifically testified that he would not have retired until his mid-seventies. In addition, Plaintiff presented evidence that he continues to work part-time at a place in which he could find employment. The evidence also showed that at the time of Plaintiff's constructive discharge, he was 65 years old and making $65,955 a year. Thus, there was sufficient evidence presented at trial to demonstrate future wage loss.

---

¹³ The Court recognizes that the award of liquidated damages may be a factor in determining the amount and whether front pay is appropriate. *See Price v. Marshall Erdman & Associates, Inc.*, 966 F.2d 320, 326 (7th Cir. 1992) (noting that the presence or absence of liquidated damages may play a small role in the determination of the entitlement to front pay).

¹⁴ *EEOC v. Prudential Fed. Sav. & Loan Ass'n*, 763 F.2d 1166, 1173 (10th Cir. 1985).

The only remaining question is the appropriate amount of front pay damages. As noted above, Plaintiff testified that he would not have retired until his mid-seventies. He does not seek front pay for that amount of time but rather for three years, totaling $195,615. Defendant objects to the amount and contends that Plaintiff's amount should be capped at $92,000 due to the Pretrial Order. The Pretrial Order included a graph of damages. In the column related to "Lost salary (to anticipated age of retirement)," the amount listed was $390,000. Defendant contends that because Plaintiff already received $298,000 in damages (related to back pay), he is only entitled to an additional $92,000 in damages (for front pay) to equal his lost salary.

Front pay is an attempt to make a plaintiff whole, but it is not intended to grant a windfall.[15] Plaintiff has already been awarded approximately four years' worth of back pay. To award Plaintiff an additional three years of front pay would be granting him seven years' worth of compensatory damages in salary. Furthermore, Plaintiff's damages calculation in the Pretrial Order for lost salary to the anticipated age of retirement was $390,000. Plaintiff has already been awarded $298,000. Thus, the Court, in its discretion, caps the lost salary damage amount at $390,000—the amount in the Pretrial Order. Accordingly, the Court grants Plaintiff a front pay award of $92,000.[16]

## C. Attorney Fees

Plaintiff seeks $254,046 in attorney fees. Defendant has agreed and stipulated that the attorney fees requested by Plaintiff are fair, reasonable, and necessary to properly prosecute the matter.

---

[15] *Whittington v. Nordam Group Inc.*, 429 F.3d 986, 1001 (10th Cir. 2005) (citation omitted).

[16] The Court notes that this equals an additional one and one-half years' worth of pay.

The ADEA requires an award of reasonable attorney's fees and costs to the prevailing party.[17] Plaintiff must demonstrate that he is the prevailing party and that the requested fees are reasonable.[18] A reasonable fee is determined by calculating a "lodestar amount" which is done by multiplying the number of hours reasonably spent by a reasonable hourly rate.[19] The party requesting the fee "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."[20]

Here, Plaintiff is the prevailing party. In addition, the attorney fee request is reasonable. Plaintiff attaches several exhibits to his motion containing billing records and an affidavit from one of his counsel. The hours expended on the case, 938 for two attorneys, a paralegal, and a paralegal assistant, are reasonable considering the length of time the case was litigated and the four-day jury trial. Furthermore, the hourly rate for the partner, senior associate, paralegal, and paralegal assistant are in proportion to the billing rates in the Wichita, Kansas area. Thus, the Court finds that the attorney fee request in the amount of $254,046 is reasonable and grants Plaintiff's motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Liquidated Damages and Front Pay (Doc. 103) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff is awarded $298,000 in liquidated damages. Plaintiff is awarded $92,000 in front pay.

---

[17] 29 U.S.C. § 626(b) (referencing 29 U.S.C. § 216(b)); *see also Dalal v. Alliant Techsystems, Inc.*, 182 F.3d 757, 760 (10th Cir. 1999) ("By reference to the Fair Labor Standards Act (29 U.S.C. § 216(b)), the ADEA requires the award of reasonable attorney's fees and costs to a prevailing party.").

[18] *Latin v. Bellio Trucking, Inc.*, 720 F. App'x 908, 910 (10th Cir. 2017).

[19] *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998).

[20] *Id.* (citation omitted).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Attorney Fees (Doc. 106) is **GRANTED**. Attorney's fees are granted in the amount of $254,046.

**IT IS SO ORDERED**.

Dated this 5th day of March, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE