IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROGER MATHEWS,

    *Plaintiff,*

vs.

    Case No. 17-1175-EFM

BUTLER COMMUNITY COLLEGE,

    *Defendant.*

**MEMORANDUM AND ORDER**

Plaintiff Roger Mathews brought suit against Defendant Butler Community College for age discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA") and the Kansas Age Discrimination in Employment Act ("KADEA"). A final judgment has been entered against Defendant, and a portion of that judgment has been paid. Plaintiff seeks to collect on the remaining amount. On April 20, 2020, Plaintiff filed a Notice of Deposition, pursuant to Federal Rules of Civil Procedure 69 and 30(b)(6), for May 4, 2020. Defendant is before the Court with an Amended Motion for a Protective Order to Quash or Stay Plaintiff's Notice to take a Rule 30(b)(6) Deposition of Defendant (Doc. 115).[1] For the reasons explained below, the Court denies Defendant's motion.

---

[1] Defendant filed an amended motion to change the motion type and retitle it. Defendant's original motion (Doc. 114) will be denied as moot.

## I.      Factual and Procedural Background

Plaintiff brought employment discrimination claims against Defendant. On January 10, 2020, after a four-day jury trial, Defendant was found liable to Plaintiff for constructive discharge and retaliation. The jury awarded Plaintiff $298,000 in back pay and an additional $2,000 for pain and suffering.

On March 5, 2020, the Court entered a final judgment against Defendant totaling $944,046 plus post-judgment interest at the rate of 1.55%.[2] On April 15, 2020, costs in the amount of $5,258.71 were taxed against Defendant. Thus, in total, Defendant owed Plaintiff $949,304.71.

On April 16, 2020, Defendant filed suit against its insurance company, Employers Mutual Casualty Company ("EMC"), for breach of contract and a declaratory judgment ("the secondary case").[3] Defendant contends that EMC is required to pay the full amount of the judgment against Defendant in this case. EMC asserts that it is only responsible for a portion of the judgment, *i.e*, $261,304.71.[4]

EMC has already paid Plaintiff the portion of the judgment that it believes to be responsible.[5] The remaining amount, $688,000, is outstanding. Plaintiff seeks to collect on that amount from Defendant.

On April 20, 2020, Plaintiff filed a Notice to Take a Rule 30(b) Deposition of Defendant. The deposition was scheduled for May 4, 2020. The purpose of the deposition was to identify

---

[2] The specific breakdown of that figure is as follows: $298,000 in back wages, $2,000 in non-economic damages, $298,000 in liquidated damages, $92,000 in front pay, and $254,046 in attorney's fees.

[3] Defendant's case is proceeding in this Court. *See Butler Cmty. Coll. v. Employers Mut. Cas. Co*., No. 20-1101-EFM-TJJ. Plaintiff is not a party in that case.

[4] EMC contends that it is only responsible for the attorney's fees, non-economic damages, and costs.

[5] *See* Doc. 116, Partial Satisfaction of Judgment.

"assets of Defendant that may be accessed by Plaintiff in order to pay the outstanding judgment against Defendant."

On May 1, 2020, Defendant filed its Amended Motion for Protective Order to Quash or Stay Plaintiff's Notice to take a Rule 30(b)(6) Deposition.[6] In this motion, Defendant seeks to quash or stay the deposition until after the Court issues a ruling in the secondary case against Defendant's insurer, EMC. Plaintiff objects to Defendant's request. In Defendant's reply, it narrows the scope of its request. Defendant now requests a stay of Plaintiff's Rule 30(b)(6) deposition until a time between July 31, 2020 and August 3, 2020, asserting that mediation is scheduled between Defendant and EMC on July 20, 2020, and the deposition should not be taken until after that date.

## II.   Analysis

Pursuant to Fed. R. Civ. P. 69(a)(2), "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Defendant argues that several grounds exist to stay Defendant's post-judgment deposition.[7] Plaintiff asserts that none of Defendant's arguments are valid and it should not have to wait on events to occur in Defendant's secondary lawsuit with EMC.

The Court will briefly address Defendant's arguments. Defendant first asserts that Fed. R. Civ. P. 26(c)(1) protects Defendant from annoyance, embarrassment, oppression, or undue burden

---

[6] Defendant filed its original motion for a protective order that same day but subsequently amended the motion to change the motion type and re-title it.

[7] Defendant has now narrowed its request to stay the deposition until after the mediation between Defendant and EMC occurs on July 20, 2020. Because Defendant has narrowed its request to only staying the deposition until after July, the Court will not address quashing the deposition.

or expense. It claims that it would be subject to undue burden and expense if its deposition was taken prior to July 20, 2020 because if the secondary case between itself and EMC settles, then Plaintiff's need for the Rule 30(b)(6) deposition will be moot. However, Defendant's proposition that the 30(b)(6) deposition will be moot is only true if the secondary case settles for the full amount that Defendant is seeking from EMC. Should EMC not pay the full amount of the judgment, Defendant will be responsible for satisfying the rest of that judgment to Plaintiff. Furthermore, there is the possibility that the case will not settle. Thus, the Court finds that Defendant does not establish good cause to issue a protective order on this ground.[8]

Defendant also asserts several arguments relating to the COVID-19 pandemic as to logistics and financial difficulties. At the time Defendant filed this motion (May 1), the pandemic was at an earlier stage. More recently, places of business have worked through some of the logistical issues and have implemented strategies to lessen the disruptive effect.[9] In addition, the COVID-19 pandemic's financial implications will likely be long-lasting, and businesses will have to navigate through the financial difficulties throughout the long-term. Thus, the Court finds Plaintiff's arguments related to COVID-19 implications to be without merit.

In addition, Defendant asserts that Plaintiff's topics listed in the deposition notice are overbroad, unduly burdensome, and disproportionate to the needs of this case. The Court disagrees. Plaintiff is simply seeking information about the real and personal property owned by Defendant, an itemization of cash on hand and accounts receivable, and an itemization of funds expected to be received in the upcoming academic year. Fed. R. Civ. P. 69(a)(2) specifically

---

[8] Fed. R. Civ. P. 26(c)(1) requires the Court to find "good cause" to issue a protective order.

[9] In this case, Plaintiff had already proposed a deposition through ZOOM.

allows discovery to aid in the judgment or execution. At this time, Defendant still owes almost $700,000 to Plaintiff, and Plaintiff is entitled to inquire on matters relating to the execution on this amount. Thus, the Court finds this argument is also without merit.

Finally, Defendant contends that it is not a deadbeat judgment debtor. Yet, Defendant has failed to pay any amount of the judgment against it at this time.[10] Plaintiff should not be required to wait until Defendant knows whether its insurance company will cover the entirety of Defendant's losses. Furthermore, as Plaintiff points out, Defendant could pay the judgment and then have its insurance company reimburse Defendant rather than have Plaintiff wait for Defendant to determine who may be responsible for paying the judgment. Accordingly, the Court rejects Defendant's argument.

**IT IS THEREFORE ORDERED** that Defendant's Amended Motion for a Protective Order to Quash or Stay Plaintiff's Notice to take a Rule 30(b)(6) Deposition of Defendant (Doc. 115) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for a Protective Order to Quash or Stay Plaintiff's Notice to take a Rule 30(b)(6) Deposition of Defendant (Doc. 114) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated this 16th day of June, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[10] Defendant's insurance company paid the partial amount.